**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800,
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Counsel for Plaintiffs LEMONGAS ENTERPRISES, INC.,
RANDEEP S. DHILLON

**IN AND FOR THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

LEMONGAS ENTERPRISES, INC., a California corporation; and RANDEEP S. PLAINTIFF DHILLON, an individual,

Plaintiffs,

v.

THE CITY OF BAKERSFIELD, a local government; THE U.S. DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, a federal entity; THE CITY OF BAKERSFIELD POLICE DEPARTMENT; and DOES 1-10, INCLUSIVE,

Defendants.

Case No.: 1:23-at-228

**COMPLAINT FOR:**

1) **NEGLIGENCE;**
2) **CONVERSION;**
3) **NUISANCE;**
4) **EMINENT DOMAIN;**
5) **CALIFORNIA TORT CLAIMS ACT VIOLATION;**
6) **FEDERAL TORT CLAIMS ACT VIOLATION.**

**JURY DEMAND**

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

**THE COMPLAINT**

PLAINTIFFS LEMONGAS ENTERPRISES, INC., a California corporation; and RANDEEP S. PLAINTIFF DHILLON, an individual, (*collectively*, referenced herein as "Plaintiff,") complain and allege as follows:

**THE PARTIES**

1. Plaintiff RANDEEP S. DHILLON, ("Plaintiff Dhillon") is the owner of certain real the Subject Property located at 6851 Wible Road, Bakersfield, Ca 93304 ("the Subject Property") and was at all times a resident of California.

2. Plaintiff LEMONGAS ENTERPRISES, INC. ("Plaintiff Lemongas Enterprises, Inc.,") is a California corporation.

3. Defendant THE CITY OF BAKERSFIELD ("the City") is a municipal entity and a political subdivision of the State of California.

4. Defendant CITY OF BAKERSFIELD POLICE DEPARTMENT ("BPD") is the local police department.

5. Defendant U.S. DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT is the federal government entity. (*collectively*, referenced herein as "Defendants.")

6. Plaintiff does not currently know the names of DOES 1 to 10 and, therefore, sues said defendants by such fictitious names. Plaintiff alleges that each DOE defendant is in some way liable and at fault for the occurrences alleged herein, and each DOE defendant is responsible for the damages incurred by Plaintiff. Plaintiff will amend this Complaint to allege the DOE defendants' true names and capacities when ascertained.

7. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this Complaint, Defendants and each of the DOE defendants were the agents, servants, partners, affiliates, employees, and/or joint-ventures of

their co-defendants and in doing the things alleged in this Complaint, were acting in concert with each other.

8. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named Defendants and DOE Defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

9. Plaintiff remains informed and believes and thereon alleges that each of the Defendants herein, and are in some manner legally responsible for the acts and omissions alleged herein and actually and legally caused and contributed to various injuries and damages alleged herein.

10. Plaintiff remains informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent, servant, partner, joint venturer, and/or employee of each of the other Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of said agency and/or employment, and with the permission.

11. All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness

between or among those Defendants haVE ceased, and defendants are the alter egos of one another.

12. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

13. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other Defendants in committing the acts alleged herein.

**<u>JURISDICTION AND VENUE</u>**

14. This Court has original subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1346(b)(1), because they arise under federal law and because the Federal Tort Claims Act (FTCA) is implicated.
15. As a direct and proximate result of the unlawful acts of Defendants, Plaintiffs have suffered and continue to suffer damages in amounts to be proved at trial, but no less than $2.5 MILLION.
16. This Court is the proper venue pursuant to 28 U.S.C. § 1402(b) as Plaintiff resides within this judicial district; and the domicile of Lemongas Enterprises, Inc. is within the judicial district.

**<u>FACTUAL ALLEGATIONS</u>**

17. Plaintiff Lemongas Enterprises, Inc., is the owner of certain real the Subject Property located at 6851 Wible Road, Bakersfield, CA 93304 ("the Subject Property.")
18. The area around the Subject Property is surrounded by agriculture and forestry.

19. Prior to Defendants' unlawful conduct alleged herein, Plaintiff Dhillon profitably leased the Subject Property to tenants, including two families who lived at the Subject Property and were paying monthly rental payment.

20. On July 02, 2021, however, approximately thirty (30) police officers from the Bakersfield Police Department ("BPD") surrounded the home.

21. After receiving word of the highly unusual circumstance that so many BPD officers had arrived at the Subject Property, went to the Subject Property to ascertain what was transpiring.

22. BPD officers would not speak to Plaintiff Dhillon and/or allow him to enter the Subject Property.

23. Finally, at approximately 14:30 o'clock the same day, the BPD officers left, and Plaintiff Dhillon was able to enter the premises.

24. Plaintiff Dhillon was shocked to see that the Subject Property incurred extensive damage as a result of the BPD officers' actions, and omissions.

25. The windows, carpet, doors, walls, and fence, of the Subject Property, *inter alia*, were severely damaged.

26. Upon information and belief, the BPD officers used robotic devices and tear gas at the Subject Property, in an effort to remove someone from the home.

27. As a direct and proximate result of the actions and omissions of BPD officers, the Subject Property suffered extensive damage, resulting in damages to Plaintiff in amounts to be proved at trial, but no less than $2.5 MILLION.

28. On July 02, 2021, the Petitioner filed via mail the Subject Property damage claim to 6851 Wible Rd., Bakersfield, CA 93313, executed on July 09, 2021. (Petitioner had to re-file this personally on November 10, 2022 as stated in below paragraphs.)

29. Based on the non-responsiveness from the City re the damage claim, on October 11, 2022, undersigned counsel was retained, and immediately

contacted the City regarding the Petitioner's the Subject Property damage claim form and lack of response from the City in affirmation and/or denial.

30. Further, a claim form was submitted on November 10, 2022 again a second time, and the city's denial letter served only on Randeep Singh Plaintiff Dhillon on November 30, 2022 (not on undersigned counsel.)

31. Nothing from the Respondent City was sent until December 07, 2022 to undersigned counsel when the latter requested this correspondence from the City to Petitioner.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Against all Defendants)**

32. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

33. Defendants owed a duty of reasonable care toward Plaintiff based on Plaintiff's ownership of the Subject Property and Plaintiff's right to exercise control over the premises, such that Defendants were required to use the minimum degree of force necessary to accomplish its objective, even if the objective was the removal of a suspected criminal from the Subject Property.

34. The Defendants owed a duty under California Tort Claims Act, and Federal Tort Claims Act, *inter alia*, local city codes, and municipal regulatory governances.

35. Defendants breached this duty when BPD officers recklessly and carelessly engaged in tactics and methods, including the use of robotic devices and tear gas, which destroyed large portions of Plaintiff's Subject Property, in a manner that was far in excess of what was necessary to accomplish Defendants' objectives.

36. The dangers posed by the tactics and methods used by Defendants, and the risk of harm they posed to the Subject Property, were reasonably foreseeable.

37. As a result of the unlawful acts of Defendants, Plaintiff has been damaged in amounts to be determined at trial, but no less than $2.5 MILLION.

38. Plaintiff Dhillon suffered trauma, stress, and mental anguish, as well as other damages stated in the prayer for relief below, because of Defendants' conduct, and/or omission thereof.

## SECOND CAUSE OF ACTION

## CONVERSION

## (Against all Defendants)

39. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

40. Conversion can be based on the taking, alteration, or destruction of personal the Subject Property. (*Staley v. McClurken* (1939) 35 Cal.App.2d 622, 628-629; 5 Witkin, *Summary of Cal. Law* (11th ed. 2017) Torts, §§ 810, 823.)

41. Plaintiff Plaintiff Dhillon, at all times relevant hereto, was the owner of the Subject Property, including, *inter alia*, the windows, carpet, doors, walls, and fence located on the premises.

42. Defendants wrongfully destroyed and thereby converted Plaintiff Dhillon's the Subject Property when BPD officers recklessly and carelessly engaged in tactics and methods, including the use of robotic devices and tear gas, in a manner that was far in excess of what was necessary to accomplish Defendants' objectives, resulting in extensive damage to the Subject Property.

43. As a proximate result of Defendants' aforementioned acts and omissions, Plaintiff has been damaged in amounts to be determined at trial, but no less than $2.5 MILLION.

44. Defendants' conduct was oppressive, willful and/or wanton, so as to justify an award of punitive damages.

45. Plaintiff Dhillon suffered trauma, stress, and mental anguish, as well as other damages stated in the prayer for relief below, because of Defendants' conduct, and/or omission thereof.

**THIRD CAUSE OF ACTION**

**NUISANCE**

**(Against all Defendants)**

46. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

47. Plaintiff, as the owner of the Subject Property, had a right to the use and enjoyment thereof.

48. Defendants' actions and omissions substantially invaded Plaintiff's right to the use and enjoyment of the Subject Property in that they caused Plaintiff to suffer substantial actual damage, including extensive damage to the Subject Property and, among other things, the windows, carpet, doors, walls, and fence located on the premises.

49. Defendants' interference with Plaintiff's interest was unreasonable and was of such a nature, duration and/or amount as to constitute an unreasonable interference with Plaintiff's use and enjoyment of the Subject Property.

50. Specifically, BPD officers recklessly and carelessly engaged in tactics and methods, including the use of robotic devices and tear gas, which destroyed large portions of Plaintiff's Subject Property, in a manner that was far in excess of what was necessary to accomplish Defendants' objectives, so as to constitute an unreasonable interference with Plaintiff's use and enjoyment of the Subject Property.

51. As a proximate result of Defendants' aforementioned acts and omissions, Plaintiff has been damaged in amounts to be determined at trial, but no less than $2.5 MILLION.

52. Defendants' conduct was oppressive, willful and/or wanton, so as to justify an award of punitive damages.

53. Plaintiff Dhillon suffered trauma, stress, and mental anguish, as well as other damages stated in the prayer for relief below, because of Defendants' conduct, and/or omission thereof.

**FOURTH CAUSE OF ACTION**

**EMINENT DOMAIN**

**(Against all Defendants)**

54. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

55. Eminent domain refers to the power of the government to take private property and convert it into public use, referred to as a taking. The Fifth Amendment provides that the government may only exercise this power if they provide just compensation to the property owners.

56. By the above-described conduct, Defendants, and each of them, negligently caused the destruction of Plaintiff's Subject Property.

57. When the incident causing the destruction of Plaintiff's Subject Property occurred, Plaintiff Dhillon was present at the scene.

58. BPD officers refused to explain what was happening or to allow him to enter the premises.

59. Defendants' conduct was a taking of Plaintiff's subject property.

60. Plaintiff's subject property was taken for public use.

61. No just compensation was paid to plaintiff.

62. Plaintiff Dhillon suffered serious emotional distress as a result of witnessing, in real time, the destruction of the Subject Property.

63. The conduct of Defendants, and each of them, alleged above was a substantial factor in causing Plaintiff Dhillon's serious emotional distress.

64. As a proximate result of Defendants' aforementioned acts and omissions, Plaintiff has been damaged in amounts to be determined at trial, but no less than $2.5 MILLION.

65. Plaintiff Dhillon suffered trauma, stress, and mental anguish, as well as other damages stated in the prayer for relief below, because of Defendants' conduct, and/or omission thereof.

**FIFTH CAUSE OF ACTION**

**GOVERNMENT TORT CLAIMS ACT VIOLATION**

**(Against Defendant City of Bakersfield)**

66. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

67. At the times pertinent herein Government Code section 911.2 required that a claim against a public entity be filed within 100 days of the accrual of the cause of action. Government Code section 911.4 provides that a claimant may apply to present a late claim within a reasonable time, not to exceed one year after the accrual of the cause of action.

68. The Government Claims Act (the "Act") "establishes certain conditions precedent to the filing of a lawsuit against a public entity." (State of California v. Superior Court (2004) 32 Cal.4th 1234, 1237; see Gov. Code, § 810, et seq.).

69. The Act requires claimants to present a timely written claim to the public entity allegedly responsible prior to initiating a suit for damages. (Id.; Gov. Code, §§ 911.2, 945.4.)

70. As relevant here, Government Code section 915, subdivision (a) provides: (a) A claim, any amendment thereto, or an application to the public entity for leave to present a late claim shall be presented to a local public entity by either of the following means: (1) Delivering it to the clerk, secretary, or auditor thereof. (2) Mailing it to the clerk, secretary, auditor, or to the

governing body at its principal office. (Gov. Code, § 915, subd. (a), emphasis added.)

71. California courts have held that where the purpose of the Government Claims Act is satisfied, it must not be used as a trap for the unwary. (Johnson v. San Diego Unified School Dist. (1990) 217 12 Cal.App.3d 692, 697 ["[C]laims statutes which are designed to protect governmental agencies from stale and fraudulent claims, provide an opp01tunity for timely investigation and encourage settling meritorious claims should not be used as traps for the unwary when their underlying purposes have been satisfied."]; City of San Jose v. Superior Court (1974) 12 Cal.3d 447,455, superseded on other grounds by Gov. Code, § 905 .1 ["It is not the purpose of the claims statutes to prevent surprise. Rather, the purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation."].) Consequently, courts apply a test of "substantial compliance" rather than "strict compliance" in determining whether a claimant has met the claim presentment requirements of the Act. (Johnson, supra, 217 Cal.App.3d at 697; City of San Jose, supra, 12 Cal.3d at 456-457; see Elias v. San Bernardino County (1977) 68 Cal.App.3d 70, 74, citations omitted ["If the claim satisfies the purpose of the act without prejudice to the government, substantial compliance will be found."].)

72. The law is clear: a misdirected government claim against a local public entity shall be deemed in compliance with the GCA if the claim "is actually received by the clerk, secretary, auditor, or board of the local public entity." (Gov. Code,§ 915, subd. (e)(l), emphasis added; see DiCampli-Mintz v. County of Santa Clara (2012) 55 Cal.4th 983,986; Life v. County of Los Angeles (1991) 227 Cal.App.3d 15 894, 900.)

73. Tested by an “objective 'reasonably prudent person' standard” (Department of Water & Power v. Superior Court (2000) 82 Cal.App.4th 1288, 1293), “[t]he showing required as to mistake, inadvertence, surprise or excusable neglect in proceedings to file a late claim against a governmental agency is the same required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment.” (City of Fresno v. Superior Court (1980) 104 Cal.App.3d 25, 32.)

74. On July 02, 2021, the Petitioner filed via mail the Subject Property damage claim to 6851 Wible Rd., Bakersfield, CA 93313, executed on July 09, 2021. (Petitioner had to re-file this personally on November 10, 2022 as stated in below paragraphs.)

75. Based on the non-responsiveness from the City re the damage claim, on October 11, 2022, undersigned counsel was retained, and immediately contacted the City regarding the Petitioner’s the Subject Property damage claim form and lack of response from the City in affirmation and/or denial.

76. Further, a claim form was submitted on November 10, 2022, again a second time, and the city’s denial letter served only on Randeep Singh Plaintiff Dhillon on November 30, 2022 (not on undersigned counsel.)

77. Nothing from the Respondent City was sent until December 07, 2022 to undersigned counsel when the latter requested this correspondence from the City to Petitioner.

78. As a proximate result of Defendants’ aforementioned acts and omissions, Plaintiff has been damaged in amounts to be determined at trial, but no less than $2.5 MILLION.

79. Plaintiff Dhillon suffered trauma, stress, and mental anguish, as well as other damages stated in the prayer for relief below, because of Defendants’ conduct, and/or omission thereof.

**SIXTH CAUSE OF ACTION**

**FEDERAL TORTS CLAIM ACT (FTCA) VIOLATION**

**(Against Defendant Bureau of Land Management, and BPD)**

80. Plaintiff incorporates by reference and restate the allegations contained in the preceding paragraphs as though set forth in full herein.

81. The Federal Tort Claims Act (FTCA) is federal legislation enacted in 1946 that provides a legal means for compensating individuals who have suffered personal injury, death, or the Subject Property loss or damage caused by the negligent or wrongful act or omission of an employee of the federal government.

82. The UNITED STATES BUREAU OF LAND MANAGEMENT is a federal government entity.

83. The area around the Subject Propety is surrounded by agriculture and forestry.

84. On July 02, 2021, the Petitioner filed via mail the Subject Property damage claim to 6851 Wible Rd., Bakersfield, CA 93313, executed on July 09, 2021. (Petitioner had to re-file this personally on November 10, 2022 as stated in below paragraphs.)

85. Based on the non-responsiveness from the City re the damage claim, on October 11, 2022, undersigned counsel was retained, and immediately contacted the City regarding the Petitioner's the Subject Property damage claim form and lack of response from the City in affirmation and/or denial.

86. Further, a claim form was submitted on November 10, 2022 again a second time, and the city's denial letter served only on Randeep Singh Plaintiff Dhillon on November 30, 2022 (not on undersigned counsel.)

87. Nothing from the Respondent City was sent until December 07, 2022 to undersigned counsel when the latter requested this correspondence from the City to Petitioner.

88. Plaintiff has exhausted all administrative remedies under 28 U.S.C. § 2675 of the Federal Tort Claims Act as a prerequisite to instituting a claim against the United States for money damages for injury or loss of property or personal injury caused by the negligent or wrongful act or omission of any employee of the United States government while acting within the scope of his or her office or employment.

89. As a proximate result of Defendants' aforementioned acts and omissions, Plaintiff has been damaged in amounts to be determined at trial, but no less than $2.5 MILLION.

90. Plaintiff Dhillon suffered trauma, stress, and mental anguish, as well as other damages stated in the prayer for relief below, because of Defendants' conduct, and/or omission thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seek judgment against all Defendants as follows:

1. That Plaintiff be awarded $2.5 million according to proof at the time of trial.
2. That Plaintiff be awarded general, actual, and special damages according to proof at the time of trial.
3. That Plaintiff be awarded incidental, compensatory, and expectancy damages according to proof at the time of trial.
4. That Plaintiff be awarded punitive damages according to proof at the time of trial.
5. That Plaintiff be awarded treble damages for distress, stress, and anguish, according to proof at the time of trial.
6. That Plaintiff be awarded pre-and post-judgment interest accrued to date.
7. That Plaintiff be awarded costs and fees of suit incurred herein.
8. That Plaintiff be awarded their reasonable attorneys' fees incurred in this action.

9. That Plaintiff be awarded such other and further relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial for all issues so triable that are raised herein or that hereinafter may be raised in this action.

///

*Respectfully submitted,*

DATED: March 16, 2023

/S/ Reshma Kamath

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath,
Counsel for LEMONGAS ENTERPRISES, INC., a California corporation, and RANDEEP S. DHILLON, an individual

# EXHIBIT A

BAKERSFIELD

# LIABILITY CLAIM AGAINST THE CITY OF BAKERSFIELD

**For Damages to Persons and Personal Property**

(Government Code Sections 905, 910 and 910.2 and B.M.C. 3.12)

RECEIVED
NOV 10 2022
RISK MANAGEMENT

22 NOV 10 PM 2:58

FILE CLAIMS WITH: **CITY CLERK**
**CITY OF BAKERSFIELD**
**1600 TRUXTUN AVENUE**
**BAKERSFIELD, CALIFORNIA 93301**

1. Claim must be filed with the City Clerk, City of Bakersfield within six (6) months after the accident, event or incident occurred.
2. Make certain the claim is against the City of Bakersfield and not another public entity.
3. Completed forms must be mailed or delivered on time to the City Clerk at the address indicated above. Where space is insufficient, use additional paper and identify information by paragraph number.
4. For other claims, consult the Government Code for filing times and complete the appropriate sections of this claim form.
5. You must sign the claim form at the bottom of page 2, and each attached sheet.
6. **WARNING**: Knowingly filing false claims violates Gov. Code §125650 and Penal Code §72 and can be prosecuted as fraud.

**TO THE HONORABLE MAYOR AND CITY COUNCIL, CITY OF BAKERSFIELD, CALIFORNIA:**
The undersigned respectfully submits the following claim and information:

**(A) Claimant's Information**:

| | |
|---|---|
| 1. Full Name of Claimant: Randeep S Dhillon | 2. Name of Parent or Guardian: (if minor) N/A |
| 3. Date of Birth: 05/27/1965 | 4. Sex: Male/Female Male |
| 5. Complete Home Address of Claimant: 2400 Carlita Road, Bakersfield, CA 93304 | 6. Telephone Numbers: (include area codes) Home: 661 835-0279 Work: Cell: 661 549 2327 |
| 7. Business/Work Address of Claimant: 1615 South H Street, Bakersfield, CA 93304 | 8. Preferred Mailing Address: (for notices to be sent) |

**(B) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted (be precise as to the exact location):**

9. DATE: 07/02/2021 10. TIME: 4:30am

11. PLACE: 6851 Wible Road, Bakersfield, CA 93313
(EXACT LOCATION)

12. CIRCUMSTANCES: See, Read below.
(SPECIFY THE PARTICULAR OCCURRENCE, EVENT, ACT OR OMISSION WHICH CAUSED THE INJURY OR DAMAGE)

I am the owner of the property. I had two families lived here and paying monthly rent to my entity. Entity name is LemonGas Enterprises Inc., its a California Corporation.
A friend of mine called my wife and my wife called me that this subject property has almost 30 BPD officers sorounding this Home. I went to see the property BPD office will not speak to me nor will not let me go into the Home. Later I went to see the Home again after 2:30pm there were no one to talk to me , what I noticed that property had big damages, window, doors, carpet, walls, electrical, there were Big Damages.

**THIS CLAIM MUST BE SIGNED ON REVERSE SIDE**

SEE PAGE 2 (over)

**(C) A general description of the injury, damage or loss:**

13. NATURE/DESCRIPTION OF INJURIES/DAMAGE: As I learned that BPD had store robbery chased and suspect was hidden in this Home. will not come out of the home , BPD took actions broke into the walls, thrown tear-bombs, and Robots to find suspect.

**(D) The name, address and telephone number of all witnesses to the injury, damage or loss:**

14. NAME ADDRESS TELEPHONE NUMBER

(1) Randeep S Dhillon, 2400 Carlita Road, Bakersfield, CA 93304 Cell: 661 549 2327

(2) Hanry Davis, 6625 Wible Road, Bakersfield, CA 93313 Cell: 559 639 3149

(3) Jimmy Basra, 3541 Panama Lane Suite-150, Bakersfield CA 93313, Cell: 661 205 5450

**(E) The name(s) of the public employee(s) causing the injury, damage, or loss, if known:**

15. NAME(S): Bakersfield Policy Department (Bpd), Too many officers to list their names.

16. WHAT ACT/ACTION OF CITY EMPLOYEE(S) CAUSED THE INJURY/DAMAGE? Bakersfield Police Department had Search warrants against Individual who was hidden in Home.

**(F) The amount claimed, as of the date of filing of this claim, including the estimated amount of any prospective injury, damage, or loss as it may be known. For property damage, please provide copies of 2 separate repair estimates.**

17. AMOUNT CLAIMED TO DATE: Approximately $515,000.00 , I am not too sure yet.

18. ESTIMATED FUTURE COSTS: $515,000.00 This is my Realtor approximating , Estimating.

19. AMOUNT OF TOTAL CLAIM: $515,000.00 Total Damages.
(INCLUDING ALL KNOWN LOSS DAMAGES)

**NOTE: Effective January 1, 2010, the Medicare Secondary Payer Act (Federal Law) requires the City to report claims involving payments for bodily injury and/or medical treatments to Medicare. As such, are you eligible to receive Medicare/MediCal for services rendered for injuries sustained as a result of this incident?**

**____ Yes _X_ No**

**If your answer is Yes, your Social Security number may be requested during the process of your claim.**

The undersigned states that he or she is the person making the above stated claim, or is a person representing said claim and acting on behalf of the claimant above named, and declares under penalty of perjury that the foregoing is true and correct insofar as is known as of this date.

EXECUTED ON: 07 / 19 / 2021
(DATE)

EXECUTED AT: 1615 South H Street, Bakersfield, CA 93304
(CITY/STATE)

(SIGNATURE OF CLAIMANT OR CLAIMANT'S REPRESENTATIVE)

**NOTE:** This document is a public record and may be disclosed/released pursuant to the California Public Records Act.

BAKERSFIELD

THE SOUND OF *Something Better*

November 30, 2022

Randeep S. Dhillon
2400 Carlita Rd.
Bakersfield, CA 93304

**RE: DHILLON, RANDEEP S. vs. CITY OF BAKERSFIELD**
**RETURN OF UNTIMELY CLAIM**

The claim which you presented to the City of Bakersfield on **November 10, 2022** is being returned as untimely because it was not presented within six months after the event or occurrence as required by law. See sections 901 and 911.2 of the Government Code.

**WARNING**

Government Code section 911.3 provides that when a claim is denied because it was not presented within the time allowed by law, notice to the claimant shall so state and further give notice in substantially the following form:

Your only recourse at this time is to apply without delay to the City of Bakersfield for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

"You may seek the advice on an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."

If you dispute the City of Bakersfield's conclusion that your claim was untimely, the following warning may be applicable.

**WARNING**

Subject to certain exceptions, you have only six (6) months form the date this notice was personally delivered or deposited into the mail to file a court action on this claim. See Government Code section 945.6.

Knowingly filing false claims violates Government Code Section 125650 and Penal Code Section 72 and can be prosecuted as fraud.

Yours truly,

**Jena Covey**
Risk Manager

JC/jr
cc: George Hills
City Clerk's Office

Risk Management
1600 Truxtun Avenue, Bakersfield, CA 93301
661-326-3738 FAX: 661-852-2030

**LAW OFFICE OF RESHMA KAMATH**
Reshma Kamath, Cal. Bar No. 333800
Phone: 650 257 0719 |
E-mail: reshmakamath2021@gmail.com |
Address: Law Office of Reshma Kamath
700 El Camino Real Suite 120, #1084,
Menlo Park, CA 94025
**Counsel for PETITIONER**
**RANDEEP SINGH DHILLON**

**[INTERNAL]**
**IN AND FOR THE COUNTY OF KERN - BAKERSFIELD**
**UNLIMITED CIVIL JURISDICTION**

RANDEEP SINGH DHILLON,

Petitioner,

vs.

CITY OF BAKERSFIELD, and DOES 1-100, INCLUSIVE,

Respondents

**Case No.: TBA**

**PETITIONER'S MOTION FOR LEAVE TO FILE PETITIONER RANDEEP SINGH DHILLON'S UNTIMELY CLAIM UNDER GOVERNMENT CODE SECTION 946.6**

***TO ALL PARTIES, AND THE ATTORNEY(S) OF RECORD, HEREIN:***

**INTRODUCTION**

Petitioner Randeep Singh Dhillon files the claim via motion to the Respondent City of Bakersfield to seek leave to file the untimely claim by him on November 10, 2022.

**FACTUAL BACKGROUND**

On 07/02/2021, the Petitioner filed via mail a property damage claim to 6851 Wible Rd., Bakersfield, CA 93313, executed on 07/19/2021. (Petitioner had to re-file this personally on November 10, 2022 as stated in below paragraphs.)

Based on the non-responsiveness from the City *re* the damage claim, on October 11, 2022, undersigned counsel was retained, and immediately contacted the City regarding the Petitioner's property damage claim form and lack of response from the City in affirmation and/or denial.

**Dr. Randeep Singh Dhillon matter**

Inbox

RESHMA KAM

*Reshma Kamath* *<reshmakamath2021@gmail.com>* Tue, Oct 11, 2:29 PM

to jrivera, Dhillon, Randeep

Hello Mr. Rivera,

Hope all is well. I'm the counsel for Dr. Randeep Singh Dhillon. Please inform me of the form and what is going on with rhe City of Bakersfield. I could speak telephonically tomorrow after 1 p.m. PT.

Dr. Dhillon is cc'ed and please include me in all further communications with him.

Sincerely,

Reshma Kamath

Law Office of Reshma Kamath

After this, undersigned counsel telephonically conferred with Jose Rivera – who stated a chronology of incidents will be mailed and e-mailed. However, the City did not send this.

*Reshma Kamath <reshmakamath2021@gmail.com>* Tue, Oct 25, 8:22 AM

to jrivera, Dhillon, Randeep

Mr. Rivera,

You were supposed to electronically mail me a chronology of incidents regarding the property damage issue. Please inform at the earliest. You were to send this on Monday, Oct. 24, 2022.

Sincerely,

Reshma Kamath

Law Office of Reshma Kamath

J

*Jose Rivera <JRivera@bakersfieldcity.us>* Tue, Oct 25, 10:32 AM

to me, Dhillon, Randeep

Good Morning,

I was out of the office yesterday but I stated that we would be mailing you a letter with the information, I will be sending it out today so you should receive it in a few days.

Thanks,

Jose

RESHMA KAM

*Reshma Kamath <reshmakamath2021@gmail.com>* Tue, Oct 25, 10:39 AM

to Jose, Dhillon, Randeep

Thank you, Mr. Rivera.

Please electronically serve the document for speedier correspondence.

Sincerely,

Reshma Kamath

Law Office of Reshma Kamath

RESHMA KAM

*Reshma Kamath <reshmakamath2021@gmail.com>* Thu, Nov 3, 5:30 AM

to Jose, Dhillon, Randeep

Hello Mr. Rivera,

Please inform whether your supervisor and you have served the matter via USPS mail service. I have not yet received this. To reiterate, please electronically serve the document for speedier correspondence.

Sincerely,

*Reshma Kamath*

# Law Office of Reshma Kamath

Jose Rivera

Fri, Nov 4, 3:59 PM

to me, Dhillon, Randeep

Good Afternoon,

The letter was sent on 10/25/2022 via USPS. Please see attached.

Thank You,

Jose

RESHMA KAM

Reshma Kamath <reshmakamath2021@gmail.com>

Mon, Nov 7, 1:19 PM

to Jose, Dhillon, Randeep

Hello Mr. Rivera,

Last week, we had discussed personal service and mailing via phone.

You had informed me over the phone that you had received Dr. Dhillon's claim form, and there were other reasons, such as timeliness, why you did not process the claim. Your one-page letter now claims you did not receive the form via mail/personal delivery.

Dr. Dhillon can personally deliver the form if this remains the only issue with the City of Bakersfield processing the liability claim form under the Government Code.

Please advise.

Sincerely,

Reshma Kamath

*Jose Rivera* Nov 10, 2022, 9:09 AM

to me, Dhillon, Randeep

Good Morning Ms. Kamath

The claim form was never received via mail/personal service, I informed you over the phone that Dr. Dhillon sent the claim form through email and I advised it had to be delivered by mail/personal service.

*Reshma Kamath <reshmakamath2021@gmail.com>* Nov 10, 2022, 9:19 AM

to Jose, Dhillon, Randeep

Mr. Rivera,

You only informed me over the phone that your supervisor will "mail serve the chronology of events." Then, upon my insistence *re* electronic service, you sent me only a one-page summary where you cited the gov't code service issue for the first time in the correspondences.

When I called you for the third time, you were out of the office.

I called the Risk Management division and spoke to Andrina Cruz. She was kind enough to inform me which floor of the City office the mail service and personal service of the claim form should be submitted to. I requested that the third party should determine whether the claim form received electronically within the six-month statute of limitations be given discretionary review.

Dr. Dhillon was instructed by me to again serve the claim form via mail and personal service based on my phone call with Ms. Cruz, Accounting, at Risk Management.

Let us know whether you received it again.

We're appalled the City of Bakersfield, Risk Management, did not process the claim form for over a year.

Sincerely,

Reshma Kamath

Law Office of Reshma Kamath

---

Law Office of Reshma Kamath

During the communication above with the City, Petitioner had again filed the property damage claim form with the City.

*Randeep Dhillon* Nov 4, 2022, 4:17 PM

to me

Reshma,

Good Day..

We delivered to City of Bakersfield Office, at 1600 Truxton Ave, front desk office my self and my Real estate broker we both went and dropped off this letter on July 23rd 2021, Friday around 3:45pm.

Thx.

Dr. Randeep S. Dhillon Ph.D

Economist

Computer Scientist

Office 661 835 - 0279

Cell 661 549-2327

Small People Talk about Others.

Average People Talk about Things.

Great People Talk about Ideas.

**6851 Wible Road Did you not Met me and You Stamped my Documents.?**

Inbox

D

*Dr. Dhillon* 8:14 AM (4 hours ago)

to me, Jose

Jose,

Good Day..

Can you confirm our meeting with your Supervisor I had deliver you the notice, Estimate, Damages of my Home.

You and your front office stamped the documents, and It was recorded.

Please confirm with my attorney.

Thx.

Dr.Randeep S. Dhillon
Economist
Computer Scientist
Palo Alto, *** California

Cell:-661 549-2327

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. This message contains confidential information and is intended only for the individual named. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail.Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**Warning**: Although the company has taken reasonable precautions to ensure no viruses are present in this email, the company cannot accept responsibility for any loss or damage arising from the use of this email or attachments

*Reshma Kamath <reshmakamath2021@gmail.com>* 8:17 AM (4 hours ago)

to Dhillon, Jose

Please send us conformed copies of the alleged stamped documents. We can follow up via mail delivery as well.

Dr. Dhillon wants to know next steps with your third-party risk analyst.

Ms. Andrina Cruz from your department stated during my phone-call with her the risk matters get out-sourced to a vendor for risk analysis on property claims.

Sincerely,

Reshma Kamath

Law Office of Reshma Kamath

There was no reply from Jose Rivera, only a new City employee, Jena Covey, who was helpful.

**Claim Form and Letter**

Inbox

J

*Jena L. Covey* <Jcovey@bakersfieldcity.us> 9:37 AM (2 hours ago)

to me, fedguru@yahoo.com, Virginia, Jose

Dear Ms. Reshma Kamath—Attached you will find the claim form and the letter sent to your client. The letter is in response to the claim that was filed with our City Clerk's Office. If you have additional questions, please feel free to call me. Thank you

Further, a true and correct copy of the claim form submitted on November 10, 2022, and the city's denial letter served only on Randeep Singh Dhillon on November 30, 2022, is attached hereto as "**Exhibit A**," and incorporated via reference, herein.

Nothing from the Respondent City was sent until December 07, 2022 to undersigned counsel when the latter requested this correspondence (Exhibit A) from the City to Petitioner.

**LAW – RELIEF UNDER THE CALIFORNIA TORT CLAIMS ACT**

Pursuant to Government Code section 946.6, "which authorizes a court to overturn a governmental entity's denial of permission to file a late claim." (Dunston v. State of California (1984) 161 Cal.App.3d 79, 83. To be entitled to relief, the petitioner must show the application to the public entity "was made within a reasonable time not to exceed" one year, and, as relevant to this case, "[t]he failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim ...." (Gov. Code, § 946.6, subds. (b) & (c)(1).)

"Remedial statutes such as Government Code section 946.6 should be liberally construed. [Citation.] However, this does not mean that relief in such cases should be granted casually. ' "Statutes of limitation and the like, prescribing definite periods of time within which action should be brought or certain steps taken are, of necessity, adamant rather than flexible in nature ...." [Citation.]' [Citation.] 'A petitioner must show more than that he did not discover a fact until too late; he must establish that in the use of reasonable diligence he failed to discover it.' " (Dunston, supra, 161 Cal.App.3d at p. 83.)

**ARGUMENT**

**I. PETITIONER CAUSED REASONABLE DELAY NOT TO EXCEED ONE YEAR**

Petitioner had mail-filed the property damage claim form in October 2021. Since then, nothing was received as any kind of affirmative approval/denial from the City to Petitioner.

In October 2022, when undersigned counsel was retained for the matter, did the City demonstrate any affirmative action on the denial correspondence. Only until Petitioner's

undersigned counsel communicated with Jose Rivera, he stated he will speak to his supervisor and send a denial based on not presenting the claim within six months.

Then, upon speaking with Andrina Cruz, the undersigned counsel informed Petitioner to personally file and/or mail file with signature upon receipt with the City's office.

**Please deliver to the City Clerk and one to Risk Management.**

*Reshma Kamath* *<reshmakamath2021@gmail.com>* Mon, Nov 7, 1:27 PM

to Randeep, Dhillon

Dr. Dhillon,

I called Risk Management at City of Bakersfield. Below are instructions to deliver:

Attn.,: Andrina Cruz, accounting clerk, risk management, fourth floor.

City Clerk Office,

1600 Truxtun Ave, Bakesfield 9330

Claim form submitted to the City Clerk office.

They will log it in, risk management, and take it a third party, George Hills.

The third party, decides whether the 6-month statute of limitations denies your claim.

Sincerely,

Reshma Kamath

Law Office of Reshma Kamath

RESHMA KAM

*Reshma Kamath* *<reshmakamath2021@gmail.com>*

Mon, Nov 7, 1:29 PM

to Randeep, Dhillon

Bakersfield, CA 93301*

Sincerely,

Reshma Kamath

Law Office of Reshma Kamath

**II. NO PREJUDICE TO THE CITY**

The City has not conducted any investigation. Further, there is no civil unlimited case in the County of Kern filed by Petitioner against the City. Thus, there will be no prejudice to the City for the minor delay. In fact, the City was aware, and had actual and constructive knowledge of the property damage claim, however, the City failed to take any affirmative steps in communicating with Petitioner.

Only after Petitioner retained undersigned counsel, and the counsel communicated with several individuals, such as Jose Rivera, and Andrina Cruz, was the Petitioner able to understand

he had to personally file and/or mail file the property damage claim at the City's Risk Office. Prior to this, no city official informed Petitioner about such requirements.

Moreover, undersigned counsel had repeatedly informed Jose Rivera to mail-serve, and electronically-serve the responses from the City only and directly to Counsel. However, the November 10th, and November 30th 2022 City correspondences were made improperly to Petitioner.

The City can now investigate via the third-party risk analysis vendor. There will be no prejudice to the City.

**III. PETITIONER'S MISTAKE, INADVERTENCE, SURPRISE, AND EXCUSABLE NEGLECT CAUSED THE REASONABLE DELAY**

Petitioner's mistake, inadvertence, surprise, or excusable neglect caused the reasonable delay, because he was in communication with Jose Rivera; and, Petitioner had mail-served all documents to the City in October 2021. However, he did not hear back from Jose Rivera until he e-mailed Jose Rivera in October 2022, and then undersigned counsel communicated from Mr. Rivera to provide a formal denial. Until undersigned counsel had contacted the City, no formal denial was sent from the City to Petitioner – this occurred on November 30, 2022.

**CONCLUSION**

Thus, Petitioner Randeep Singh Dhillon seeks leave to file the untimely claim by him in October 2021, and on November 10, 2022 *re* the property damage claim.

**DATED**: **Dec. 07, 2022** **LAW OFFICE OF RESHMA KAMATH**

/s/ Reshma Kamath

Reshma Kamath,
Counsel for **PETITIONER**
**RANDEEP SINGH DHILLON**

RESHMA KAMATH

**PROOF OF SERVICE**
**F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260**

I'm employed in the County of San Mateo, California. I am over the age of 18, and not a party to the action. My business address is: 700 El Camino Real Suite 120, #1084, Menlo Park, CA 94025, and electronic service address is reshmakamath2021@gmail.com. On Dec. 07, 2022, I served the following document(s), via method(s) indicated below, on the parties in this action: SEE ATTACHED SERVICE LIST.

///

**PETITIONER'S MOTION FOR LEAVE TO FILE PETITIONER'S UNTIMELY CLAIM UNDER GOVERNMENT CODE SECTION 946.6**

///

**ELECTRONIC SERVICE**: In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein. [NOTICE OF C.C.P. SECTION 1010.6]

///

**USPS MAIL-SERVICE**: I served the documents by enclosing them in an envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid with signature upon receipt.

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 7th day of October 2022 in Menlo Park, United States

///

***/s/ Reshma Kamath***

**Reshma Kamath**

**SERVICE LIST**

"Jena L. Covey" <Jcovey@bakersfieldcity.us>
"Dr. Dhillon" <fedguru@yahoo.com>,
Virginia Ginny Gennaro <vgennaro@bakersfieldcity.us>,
Jose Rivera <JRivera@bakersfieldcity.us>

# EXHIBIT A

BAKERSFIELD

# LIABILITY CLAIM AGAINST THE CITY OF BAKERSFIELD

**For Damages to Persons and Personal Property**
(Government Code Sections 905, 910 and 910.2 and B.M.C. 3.12)

RECEIVED
NOV 10 2022
RISK MANAGEMENT

22 NOV 10 PM 2:58

FILE CLAIMS WITH: **CITY CLERK**
**CITY OF BAKERSFIELD**
**1600 TRUXTUN AVENUE**
**BAKERSFIELD, CALIFORNIA 93301**

1. Claim must be filed with the City Clerk, City of Bakersfield within six (6) months after the accident, event or incident occurred.
2. Make certain the claim is against the City of Bakersfield and not another public entity.
3. Completed forms must be mailed or delivered on time to the City Clerk at the address indicated above. Where space is insufficient, use additional paper and identify information by paragraph number.
4. For other claims, consult the Government Code for filing times and complete the appropriate sections of this claim form.
5. You must sign the claim form at the bottom of page 2, and each attached sheet.
6. **WARNING**: Knowingly filing false claims violates Gov. Code §125650 and Penal Code §72 and can be prosecuted as fraud.

**TO THE HONORABLE MAYOR AND CITY COUNCIL, CITY OF BAKERSFIELD, CALIFORNIA:**
The undersigned respectfully submits the following claim and information:

**(A) Claimant's Information**:

| | |
|---|---|
| 1. Full Name of Claimant: Randeep S Dhillon | 2. Name of Parent or Guardian: (if minor) N/A |
| 3. Date of Birth: 05/27/1965 | 4. Sex: Male/Female Male |
| 5. Complete Home Address of Claimant: 2400 Carlita Road, Bakersfield, CA 93304 | 6. Telephone Numbers: (include area codes) Home: 661 835-0279 Work: Cell: 661 549 2327 |
| 7. Business/Work Address of Claimant: 1615 South H Street, Bakersfield, CA 93304 | 8. Preferred Mailing Address: (for notices to be sent) |

**(B) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted (be precise as to the exact location):**

9. DATE: 07/02/2021 10. TIME: 4:30am

11. PLACE: 6851 Wible Road, Bakersfield, CA 93313
(EXACT LOCATION)

12. CIRCUMSTANCES: See, Read below.
(SPECIFY THE PARTICULAR OCCURRENCE, EVENT, ACT OR OMISSION WHICH CAUSED THE INJURY OR DAMAGE)

I am the owner of the property. I had two families lived here and paying monthly rent to my entity. Entity name is LemonGas Enterprises Inc., its a California Corporation.
A friend of mine called my wife and my wife called me that this subject property has almost 30 BPD officers sorounding this Home. I went to see the property BPD office will not speak to me nor will not let me go into the Home. Later I went to see the Home again after 2:30pm there were no one to talk to me , what I noticed that property had big damages, window, doors, carpet, walls, electrical, there were Big Damages.

**THIS CLAIM MUST BE SIGNED ON REVERSE SIDE** SEE PAGE 2 (over)

**(C) A general description of the injury, damage or loss:**

13. NATURE/DESCRIPTION OF INJURIES/DAMAGE:
As I learned that BPD had store robbery chased and suspect was hidden in this Home. will not come out of the home , BPD took actions broke into the walls, thrown tear-bombs, and Robots to find suspect.

**(D) The name, address and telephone number of all witnesses to the injury, damage or loss:**

14.

| NAME | ADDRESS | TELEPHONE NUMBER |
|---|---|---|
| (1) Randeep S Dhillon, | 2400 Carlita Road, Bakersfield, CA 93304 | Cell: 661 549 2327 |
| (2) Hanry Davis, | 6625 Wible Road, Bakersfield, CA 93313 | Cell: 559 639 3149 |
| (3) Jimmy Basra, | 3541 Panama Lane Suite-150, Bakersfield CA 93313, | Cell: 661 205 5450 |

**(E) The name(s) of the public employee(s) causing the injury, damage, or loss, if known:**

15. NAME(S): Bakersfield Policy Department (Bpd). Too many officers to list their names.

16. WHAT ACT/ACTION OF CITY EMPLOYEE(S) CAUSED THE INJURY/DAMAGE?
Bakersfield Police Department had Search warrants against Individual who was hidden in Home.

**(F) The amount claimed, as of the date of filing of this claim, including the estimated amount of any prospective injury, damage, or loss as it may be known. For property damage, please provide copies of 2 separate repair estimates.**

17. AMOUNT CLAIMED TO DATE: Approximately $515,000.00 , I am not too sure yet.

18. ESTIMATED FUTURE COSTS: $515,000.00 This is my Realtor approximating , Estimating.

19. AMOUNT OF TOTAL CLAIM: $515,000.00 Total Damages.
(INCLUDING ALL KNOWN LOSS DAMAGES)

**NOTE: Effective January 1, 2010, the Medicare Secondary Payer Act (Federal Law) requires the City to report claims involving payments for bodily injury and/or medical treatments to Medicare. As such, are you eligible to receive Medicare/MediCal for services rendered for injuries sustained as a result of this incident?**

____ **Yes** X **No**

**If your answer is Yes, your Social Security number may be requested during the process of your claim.**

The undersigned states that he or she is the person making the above stated claim, or is a person representing said claim and acting on behalf of the claimant above named, and declares under penalty of perjury that the foregoing is true and correct insofar as is known as of this date.

EXECUTED ON: 07 / 19 / 2021
(DATE)

EXECUTED AT: 1615 South H Street, Bakersfield, CA 93304
(CITY/STATE)

(SIGNATURE OF CLAIMANT OR CLAIMANT'S REPRESENTATIVE)

**NOTE:** This document is a public record and may be disclosed/released pursuant to the California Public Records Act.

**BAKERSFIELD**
THE SOUND OF *Something Better*

November 30, 2022

Randeep S. Dhillon
2400 Carlita Rd.
Bakersfield, CA 93304

**RE: DHILLON, RANDEEP S. vs. CITY OF BAKERSFIELD**
**RETURN OF UNTIMELY CLAIM**

The claim which you presented to the City of Bakersfield on **November 10, 2022** is being returned as untimely because it was not presented within six months after the event or occurrence as required by law. See sections 901 and 911.2 of the Government Code.

**WARNING**

Government Code section 911.3 provides that when a claim is denied because it was not presented within the time allowed by law, notice to the claimant shall so state and further give notice in substantially the following form:

Your only recourse at this time is to apply without delay to the City of Bakersfield for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

"You may seek the advice on an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."

If you dispute the City of Bakersfield's conclusion that your claim was untimely, the following warning may be applicable.

**WARNING**

Subject to certain exceptions, you have only six (6) months form the date this notice was personally delivered or deposited into the mail to file a court action on this claim. See Government Code section 945.6.

Knowingly filing false claims violates Government Code Section 125650 and Penal Code Section 72 and can be prosecuted as fraud.

Yours truly,

**Jena Covey**
Risk Manager

JC/jr
cc: George Hills
City Clerk's Office

Risk Management
1600 Truxtun Avenue, Bakersfield, CA 93301
661-326-3738 FAX: 661-852-2030

BAKERSFIELD
THE SOUND OF Something Better

January 12, 2023

Law Office of Reshma Kamath
700 El Camino Real Suite 120 #1084
Menlo Park, CA 94025

**RE: DHILLON, RANDEEP S. vs. CITY OF BAKERSFIELD**
**DENIAL OF APPLICATION FOR**
**LEAVE TO PRESENT A LATE CLAIM**

Notice is hereby given that the APPLICATION TO PRESENT A LATE CLAIM which you presented to the City of Bakersfield on **December 13, 2022** was not acted upon by the City Council and will be deemed to have been denied on **January 26, 2023** by operation of law, which is forty-five (45) days after the date of presentation.

**WARNING**

If you wish to file a court action in this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (Claims presentation requirement). See also Government Code Section 946.6. Such petition must be filed with the court within six (6) months from the date this denial notice was deposited in the mail.

You failed to conform to the requirements of section 911.4(b).

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please also be advised that pursuant to Sections 128.5 and 1038 of the California Code of Civil Procedure, the City will seek to recover all costs of defense in the event an action is filed in this matter and it is determined that the action was not brought in good faith and with reasonable cause.

Yours truly,

Jena Covey
Risk Manager

JC/tw
cc: George Hills
City Clerk's Office

Risk Management
1600 Truxtun Avenue, Bakersfield, CA 93301
661-326-3738 FAX: 661-852-2030

**DECLARATION OF SERVICE BY MAIL**

STATE OF CALIFORNIA, COUNTY OF KERN

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to this stated action.

My business address is: City Hall, 1600 Truxtun Avenue, Bakersfield, CA 93301.

I am familiar with the practice of the City of Bakersfield for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, correspondence in a sealed envelope and fully prepaid, is deposited with the United States Postal Service the same day it is submitted for mailing.

On January 12, 2023**,** I served the foregoing document described as follows:

**NOTICE OF DENIAL OF APPLICATION FOR LEAVE TO PRESENT A LATE CLAIM**

**RE: DHILLON, RANDEEP S. vs. CITY OF BAKERSFIELD**

By placing the original, thereof, for collection and mailing in the course of the ordinary business practice with other correspondence of the City of Bakersfield, City Hall, addressed as follows:

Law Office of Reshma Kamath
700 El Camino Real Suite 120 #1084
Menlo Park, CA 94025

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **January 12, 2023,** at Bakersfield, California.

***Taylor Wofford*** — Taylor Wofford

***Type or Print*** — ***Signature***

GEORGE HILLS
Our minds over your matters.

November 16, 2022

Randeep S. Dhillon
1615 S. H Street
Bakersfield, CA 93304

| | | |
|---|---|---|
| RE: | Our Client: | City of Bakersfield |
| | Claimant: | Dhillon, Randeep S. |
| | COB Claim No.: | 23-02-104 |
| | Date of Loss: | 07/21/2021 |
| | GHC File No.: | GHC0048692 |

**ACKNOWLEDGEMENT OF CLAIM**

The adjusting firm of George Hills Company serves as the claim administrator for our client, City of Bakersfield. Serving in this capacity, the claim you filed has been referred to our office and to the undersigned for further handling.

The claim will require additional investigation with appropriate City of Bakersfield personnel. Following this you will be further notified as to the status of your claim. Meanwhile, please feel free to contact the undersigned if you have any questions or additional information for us to consider.

Sincerely,

**GEORGE HILLS COMPANY, INC.**

*Laura Harmon*

Laura Harmon
Senior Claims Examiner
Laura.Harmon@georgehills.com

LH:sb