UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMONGAS ENTERPRISES, INC., *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BAKERSFIELD., *et al*.<br><br>Defendants. | Case No. 1:23-cv-00404-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(1) AND DISMISS COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. 10)<br><br>**14-DAY DEADLINE**<br><br><u>Clerk of Court to Assign District Judge</u> |

Pending before the Court is Defendants City of Bakersfield and Bakersfield Police Departments ("BPD") motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6), motion to strike pursuant to Fed. R. Civ. Pro. 12(f), and a request for judicial notice. (Docs. 10-11). Plaintiffs Lemongas Enterprises, Inc. ("Lemongas") and Randeep Singh Dhillon ("Dhillon") filed an opposition to Defendants' motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) and Defendants filed a reply. (Docs. 15, 17). For the foregoing reasons, the Court will recommend Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice and without leave to amend.[1]

---

[1] Named defendant U.S. Department of Interior, Bureau of Land Management has not answered or otherwise appeared in the case.

1

**Background**

Lemongas and/or Dhillon is the owner of the property located at 6851 Wible Road in Bakersfield, California 93304 ("the Property"). (Doc. 1 at ¶¶ 1, 17). At some point, Dhillon leased the Property to tenants, including two families. *Id*. at ¶ 19. On July 2, 2021, Dhillon claims "approximately thirty (30) police officers from [the BPD] surrounded the home." *Id*. Dhillon alleges BPD officers would not speak to him and/or allow him to enter the Property. *Id*. at ¶ 21.

At approximately, 2:30 p.m. that same day, Dhillon claims BPD officers left, and he was able to enter the Property. *Id*. at ¶ 23. Dhillon purports the Property incurred extensive damage due to the BPD officers' actions, and omissions, including using "robotic devices and tear gas at [the Property], in an effort to remove someone from the home." *Id*. at ¶¶ 24-27.

Dhillon alleges on July 21, 2021, he filed, via mail, a Property damage claim which was purportedly executed on July 9, 2021. *Id*. at ¶ 28. Dhillon alleges "[b]ased on the non-responsiveness from the [City of Bakersfield regarding] the damage claim," he retained counsel on October 11, 2022. *Id*. at ¶ 29. Dhillon's counsel "immediately contacted the City regarding the [Property] damage claim form and lack of response from the City in affirmation and/or denial." *Id*. On November 10, 2022, Dhillon filed a second damage claim form. *Id*. at ¶ 30. On November 30, 2022, the City denied Dhillon's claim as untimely. *Id*. at ¶ 30; Ex. A. On December 7, 2022, Dhillon's counsel received a copy of the City's denial of his claim. *Id*. at ¶ 31.

On Mach 16, 2023, Plaintiffs filed a complaint against Defendants (1) the City of Bakersfield, (2) BPD, and (3) the U.S. Department of Interior, Bureau of Land Management (the "Bureau of Land Management"). *Id*. at ¶¶ 3-5. Plaintiffs assert against all Defendants claims of negligence, conversion, nuisance, and eminent domain. *Id*. at ¶¶ 32-65. Plaintiffs also claim the City of Bakersfield violated California's Tort Claims Act ("CTCA") and BPD and the Bureau of Land Management violated the Federal Tort Claim Act ("FTCA"). *Id*. at ¶¶ 66-90.

On May 24, 2023, Defendants City of Bakersfield, and BPD filed the instant motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1). (Doc. 10). Defendants argue there is no viable federal cause of action alleged and there is no diversity jurisdiction. *Id*. That same day, Defendants filed a motion to

dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a motion to strike pursuant Fed. R. Civ. Pro. 12(f), and a request for judicial notice.  (Doc. 11).

On June 5, 2023, Plaintiffs filed an opposition to Defendants' motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1).  (Doc. 15).  Plaintiffs argue this Court possesses subject-matter jurisdiction based on their eminent domain, CTCA violation, and FTCA violation claims.  *Id*.  On June 9, 2023, Defendants the City of Bakersfield, and BPD filed a reply to Plaintiffs' opposition.  (Doc. 17).  That same day, Defendants the City of Bakersfield and BPD filed a statement noting Plaintiffs had not filed an opposition to their motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), and motion to strike pursuant Fed. R. Civ. Pro. 12(f).  (Doc. 16).

**Legal Standard**

Federal courts are courts of limited jurisdiction and are empowered only to hear disputes authorized by the Constitution and federal statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Because of this, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377.

A jurisdictional challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial challenge, the moving party "accepts the truth of the…allegations [supporting federal jurisdiction] but asserts that they 'are insufficient on their face to invoke federal jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039).  In a factual challenge, the court does not simply accept the allegations in the complaint as true.  *Id*.  Instead, "when challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof," and the court makes findings of fact, resolving any material factual disputes by independently evaluating the evidence.  *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010); *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).

Federal subject matter jurisdiction generally attaches in two ways: (1) the action arises under the Constitution, laws, or treaties of the United States (i.e., raises a federal question), or (2) the action

1 is between parties of diverse citizenship.  *See* 28 U.S.C. §§ 1331-1332.  A case involves "federal 2 question jurisdiction" either where federal law creates the cause of action or 'where the vindication of 3 a right under state law necessarily turn[s] on some construction of federal law.'"  *Unite Here Loc. 30* 4 *v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 702 (9th Cir. 2022) (quoting *Republican Party* 5 *of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002)).

**Discussion**

I. Request for Judicial Notice

Fed. R. Evid. 201 permits a court to take judicial notice of any facts "generally known within the trial court's territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c).  "Facts subject to judicial notice may be considered by a court on a motion to dismiss."  *Pruitt v. United States Bank, N.A.*, No. 1:13-cv-01198-AWI-SKO, 2013 WL 6798999, at *1 (E.D. Cal. Dec/ 20, 2013) (citing *In re Russell*, 76 F.3d 242, 244 (9th Cir. 1996)); *see Indemnity Corp v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (a court may take judicial notice of matters of public record outside the pleadings).

The Court has examined Defendants' attached document which includes two Kern County Superior Court Search Warrants.  (Doc. 11-2).  No party disputes the authenticity of these documents.  *See* (Doc. 16).  The Court concludes that the search warrants are judicial records and are properly the subject of judicial notice under Fed. R. Evid. 201(b)(2).  *See Mulligan v. Nichols*, No. CV 13-00836-RGK (VBKx), 2014 WL 12586245, at *3 (C.D. Cal. Jan. 2, 2014), *aff'd*, 835 F.3d 983 (9th Cir. 2016).  Therefore, the search warrant materials may be considered, to the extent they are relevant to the questions in the parties' pleadings.

II. Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1)

Plaintiff asserts this Court possesses subject-matter jurisdiction because of their eminent domain, CTCA violation and FTCA violation claims.  (Doc. 15).

A. Eminent Domain

Plaintiffs assert an unconstitutional takings claim through Defendants' exercise of eminent domain. *Id*. at 2-3. Specifically, Plaintiff claims BPD's effort to remove someone from the Property and subsequent damage to the Property, qualifies as a taking of the Property for public use without compensation. *Id*. at 3-4.

"The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth provides that private property shall not 'be taken for public use, without just compensation.'" *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (internal citation omitted) (quoting *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 314 (1987)). However, the Takings Clause is implicated only when the taking in question is for public use; it does not apply to property taken "for law enforcement purposes." *Scott v. Jackson County*, 297 F.App'x 623, 625-26 (9th Cir. 2008) (unpublished); *see Bennis v. Michigan*, 516 U.S. 442, 452 (1996) ("[O]utside the context of eminent domain, the government is not … required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain.") (citations omitted).

Here, BPD allegedly damaged the Property while executing a search warrant. Plaintiffs' eminent domain claim fails because any damage caused by BPD to the Property occurred pursuant to BPD's police power. No viable Takings Clause claim occurs when property has been disturbed by a lawful search warrant. *See AmeriSource Corp. v. United States*, 525 F.3d 1149, 1154 (Fed. Cir. 2008) ("so long as the government's exercise of authority was pursuant to some power other than eminent domain, then the plaintiff has failed to state a claim for compensation under the Fifth Amendment") (citing *Bennis,* 516 U.S. at 453). Moreover, BPD's alleged negligent destruction of the Property does not satisfy the "taken for public use" element of a Takings Clause claim. *See Mateos-Sandoval v. County of Sonoma*, 942 F. Supp.2d 890, 912 (N.D. Cal. 2012) ("unlawful seizure of property does not constitute a 'public use.'"); *Burns v. Mukasey*, No. 2:09-cv-00497-MCE-CMK, 2009 WL 3756489, at *4 (E.D. Cal. Nov. 6, 2009) (alleged illegal search and seizure of property not cognizable as a Takings Clause claim because the property seized "was not taken in order to be put to public use."), *F&R adopted*, 2010 WL 580187 (E.D. Cal. Feb. 12, 2010).

Accordingly, this Court does not possess federal subject-matter jurisdiction through Plaintiff's eminent domain claim.

B. California Tort Claims Act

Plaintiffs' claim the CTCA provides a basis for federal subject-matter jurisdiction is without merit. (Doc. 15 at 5-6). The CTCA is a prerequisite to asserting state law causes of action against a public entity or employee. Cal. Gov. Code. § 910. The Act does not create a basis for federal jurisdiction. *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Welch v. Texas Dep't of Highways & Public Transp.*, 483 U.S. 468, 473-74 (1987) (a state's waiver of sovereign immunity in its court does not effect a waiver of its Eleventh Amendment immunity in federal courts). Accordingly, this Court does not possess federal subject-matter jurisdiction through Plaintiff's CTCA violation claim.

C. Federal Tort Claims Act

Plaintiffs' claim the FTCA provides a basis for federal subject-matter jurisdiction also fails. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). By enacting the FTCA, Congress waived sovereign immunity with respect to certain tort liability against the United States. *See* 28 U.S.C. § 1346(b); *see Levin v. United States*, 568 U.S. 503, 506 (2013) (the FTCA gives federal district courts exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of federal employees acting within the scope of their employment."). Under the FTCA, a plaintiff must specifically allege exhaustion of administrative remedies by presenting the tort claims and damages to the defendant. *See Gilespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA…and should be affirmatively alleged in the complaint".)

Plaintiff has failed to adequately plead a claim under the FTCA. First, the FTCA does not apply to the City of Bakersfield or BPD and Plaintiffs fail to name the United States of America as a defendant in this action. *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) (the FTCA only permits claims to be brought against the United States). Next,

Plaintiffs' complaint does not allege any facts that demonstrate how the Bureau of Land Management participated in or could be culpable for Plaintiffs' alleged damages. *See generally* (Doc. 1). Further, Plaintiffs have failed to allege administrative exhaustion. *Id*. Accordingly, this Court does not possess federal subject-matter jurisdiction through Plaintiff's FTCA violation claim.

III. Leave to Amend

Generally, Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Id*. When a complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Plaintiffs cannot cure the defects identified above. Plaintiffs' eminent domain, CTCA violation, and FTCA violation claims fail to establish subject-matter jurisdiction. The Court concludes that leave to amend Plaintiffs' complaint would be futile and would unnecessarily prolong this litigation. *See e.g., Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Accordingly, the Court will recommend that Plaintiffs' complaint be dismissed without leave to amend.

IV. Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) and Motion to Strike pursuant to 12(f)

Defendants also seek to dismiss and strike the complaint under Rules 12(b)(6) and 12(f). (Doc. 11). Because the Court lacks subject-matter jurisdiction over Plaintiffs' claims, the motion to dismiss and strike under Rules 12(b)(6) and 12(f) are rendered moot. Accordingly, the Court will not address the arguments made with respect to those motions.

**Conclusion and Recommendations**

For the reasons set forth above, IT IS HEREBY ORDERED

1. The Clerk of Court is DIRECTED to randomly assign a district judge to this action for the purposes of reviewing these findings and recommendations.

Further, IT IS HEREBY RECOMMENDED

1. Defendants' motion to dismiss pursuant to Fed. R. Civ. Pro. (12)(b)(1) (Doc. 10) be
    GRANTED;

2. Defendants' motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), and motion to strike pursuant Fed. R. Civ. Pro. 12(f) (Doc. 11) be DENIED AS MOOT;

3. Plaintiffs' complaint (Doc. 1) be DISMISSED without leave to amend; and

4. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days of being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2023**              _____
UNITED STATES MAGISTRATE JUDGE