# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMONGAS ENTERPRISES, INC., *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF BAKERSFIELD, *et al*.<br><br>Defendants. | Case No. 1:23-cv-0404 JLT CDB<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS GRANTING THE MOTION TO DISMISS BY THE CITY OF BAKERSFIELD AND CITY OF BAKERSFIELD POLICE DEPARTMENT WITHOUT LEAVE TO AMEND<br>(Doc. 20)<br><br>ORDER TO PLAINTIFFS TO SHOW CAUSE WHY THE ACTION AS TO THE BUREAU OF LAND MANAGEMENT SHOULD NOT BE DISMISSED; ORDER STRIKING THE PROOF OF SERVICE AS TO THE BUREAU OF LAND MANAGEMENT |

Lemongas Enterprises, Inc. and Randeep S. Dhillon initiated this action by filing a complaint against the City of Bakersfield, Bakersfield Police Department, and the U.S. Department of Interior, Bureau of Land Management. (Doc. 1). The City and BPD filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6), motion to strike pursuant to Fed. R. Civ. Pro. 12(f), and a request for judicial notice. (Docs. 10-11.)

The assigned magistrate judge found this Court lacks subject matter jurisdiction over the action. (Doc. 20.) Therefore, the magistrate judge recommended the motion to dismiss under Rule 12(b)(1) be granted and the remaining motions be denied as moot. (*Id.* at 3-7.) In addition,

the magistrate judge found leave to amend would be futile because the identified defects could not be cured with amendment, and recommended dismissal be without leave to amend.  (*Id.* at 7.)

The Findings and Recommendations were served on June 29, 2023, and it notified the parties that any objections must be filed within 14 days of the date of service.  (Doc. 20 at 8.) The Court also informed the Plaintiffs that the "failure to file objections within the specified time may waive the right to appeal the District Court's order."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) Plaintiffs did not file objections or otherwise respond to the Findings and Recommendations, and the deadline to do so has passed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review.  Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis as to the motions filed by the City of Bakersfield and the Bakersfield Police Department.

However, the Court disagrees that amendment of the complaint as to the Bureau of Land Management is futile. Even still, the Court expresses significant doubt as to whether the complaint can be cured. First, as noted in the Findings and Recommendations, the Bureau of Land Management is not a proper party to this action. (*Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077 (1998)). Second, even if the BLM were a proper party—and it is not—there are no factual allegations as to this defendant that could give rise to liability. The thrust of the complaint is the damage inflicted on the subject property by the Bakersfield Police Department. (Doc. 1 at 5, ¶¶ 19-26) At most, the complaint asserts that the subject property was surrounded by agricultural and forest land, but exactly how this implicates the Bureau of Land Management is not explained by factual allegation or by reference to any regulation or statute defining the scope of the agency's authority. Finally, the plaintiff has failed to serve the summons and complaint properly. Fed. R. Civ. P. 4(i). Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations dated June 29, 2023 (Doc. 20) as to the City of Bakersfield and the Bakersfield Police Department are **ADOPTED** in full.

2. Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 10) is **GRANTED**.

3. Defendants' motion to dismiss pursuant to Rule 12(b)(6) and motion to strike pursuant Rule 12(f) (Doc. 11) are denied as **MOOT**.

4. Plaintiffs' complaint is **DISMISSED** as to the City of Bakersfield and the City of Bakersfield Police Department **without leave to amend**.

5. The Court **DECLINES** to adopt the findings and recommendations as to the Bureau of Land Management. Instead, **within 14 days**, the plaintiffs are **ORDERED** to show cause in writing why the action should not be dismissed in its entirety given the defects in the complaint as to the Bureau of Land Management, which cast doubt as to the Court's jurisdiction. Failure to comply will result in the Court dismissing the action with prejudice.

6. The proofs of service purporting to accomplish service on to the Bureau of Land Management (Doc. 7) are **STRICKEN**.

IT IS SO ORDERED.

Dated:   **July 18, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

3